IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** ) | **Case No. 19-22400-DLS** |
| ) | |
| **BREAD & BUTTER CONCEPTS, LLC,** ) | **(Administratively Consolidated)** |
| *et al.*, ) | |
| ) | **Chapter 11** |
| **Debtors.**¹ ) | |

### NOTICE OF APPEAL

**Part 1: Identify the Appellants**

Country Club Plaza JV, LLC and MREM BOT Property, LLC (collectively, "Appellants"), creditors and parties-in-interest in the above-captioned jointly administered bankruptcy cases.

**Part 2: Identify the Subject of this Appeal**

Appellants hereby appeal pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8001(a), 8002(a), and 8003 to the United States District Court for the District of Kansas from the *Order Granting in Part Debtors' Emergency Motion for Entry of an Order: (I) Approving Relief Related to the Interim Budget; (II) Temporarily Adjourning Certain Motions and Applications for Payments; (III) Extending the Deadline to Assume or Reject Nonresidential Real Property Leases; and (IV) Granting Related Relief* of the Honorable Dale L. Somers, United States Bankruptcy Court Judge, District of Kansas, entered in the above-captioned jointly administered bankruptcy cases on May 15, 2020 [CM/ECF Doc. No. 219] (the "Order"). A true and correct copy of the Order is attached hereto as **Exhibit A**.

**Part 3: Identify the Other Parties to the Appeal**

The names of all parties to the Order and the names, addresses, and telephone numbers of their respective attorneys are as follows:

---

¹ TEXAZ CROSSROADS, LLC, dba Cherry Hall, Case No. 19-22401; TEXAZ TABLE RESTAURANT OF KS, LLC, dba Urban Table, Case No. 19-22399; TEXAZ SOUTH PLAZA, LLC, dba Stock Hill, Case No. 19-22402; TEXAZ PLAZA RESTAURANT, LLC, dba Gram & Dun, Case No. 19-22043 (collectively, the "**Debtors**").

| | |
|---|---|
| Appellants: | |
| | COUNTRY CLUB PLAZA JV, LLC |
| | MREM BOT PROPERTY, LLC |
| Attorneys: | |
| | ANDREW J. NAZAR |
| | BRENDAN MCPHERSON |
| | Polsinelli PC |
| | 900 West 48th Place, Suite 900 |
| | Kansas City, Missouri 64112 |
| | (816) 753-1000 |
| | Fax No. (816) 753-1536 |
| | anazar@polsinelli.com |
| | bmcpherson@polsinelli.com |
| Appellees: | |
| | BREAD AND BUTTER CONCEPTS, LLC |
| | TEXAZ CROSSROADS, LLC, dba Cherry Hall |
| | TEXAZ TABLE RESTAURANT OF KS, LLC, dba Urban Table, |
| | TEXAZ SOUTH PLAZA, LLC, dba Stock Hill, |
| | TEXAZ PLAZA RESTAURANT, LLC, dba Gram & Dun |
| Attorneys: | |
| | SHARON L. STOLTE |
| | Sandberg Phoenix & von Gontard P.C. |
| | 4600 Madison Ave., Suite 1250 |
| | Kansas City, MO 64112 |
| | 816-627-5332 |
| | Fax : 816-627-5532 |
| | Email: sstolte@sandbergphoenix.com |

**Part 4: Optional Election to Have Appeal Heard by District Court**

Pursuant to 28 U.S.C. § 158(c)(1), Appellants elect to have the appeal heard by the United States District Court.

3

**Part 5: Signatures**

                Respectfully submitted,

                POLSINELLI PC

                By: */s/ Andrew J. Nazar*
                      ANDREW J. NAZAR (KS #22381)
                      BRENDAN MCPHERSON (KS #23771)
                      900 West 48th Place, Suite 900
                      Kansas City, Missouri 64112
                      (816) 753-1000
                      Fax No. (816) 753-1536
                      anazar@polsinelli.com
                      bmcpherson@polsinelli.com

                ATTORNEYS FOR
                COUNTRY CLUB PLAZA JV, LLC and
                MREM BOT PROPERTY LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of May 2020, a copy of the foregoing Notice of Appeal was served via the Court's electronic case filing systems (CM/ECF) to all parties registered to receive such notice in the above-captioned cases.

*/s/ Andrew J. Nazar*
Andrew J. Nazar

# Exhibit A



**SO ORDERED.**

**SIGNED this 15th day of May, 2020.**

_Dale L. Somers_
Dale L. Somers
United States Chief Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>Bread & Butter Concepts, LLC, et al.,[1]<br><br>Debtors. | Case No. 19-22400<br>Chapter 11<br>(AdministrativelyConsolidated) |

**Order Granting in Part Debtors' Emergency Motion for Entry of an Order: (I) Approving Relief Related to the Interim Budget; (II) Temporarily Adjourning Certain Motions and Applications for Payments; (III) Extending the Deadline to Assume or Reject Nonresidential Real Property Leases; and (IV) Granting Related Relief[2]**

---

[1] TEXAZ CROSSROADS, LLC, dba Cherry Hall, Case No. 19-22401; TEXAZ TABLE RESTAURANT OF KS, LLC, dba Urban Table, Case No. 19-22399; TEXAZ SOUTH PLAZA, LLC, dba Stock Hill, Case No. 19-22402; TEXAZ PLAZA RESTAURANT, LLC, dba Gram & Dun, Case No. 19-22043.

[2] Doc. 197.

The matter before the Court is Debtors' Emergency Motion for Entry of an Order (I) Approving Relief Related to the Interim Budget, (II) Temporarily Adjourning Certain Motions and Applications for Payments, (III) Extending the Deadline to Assume or Reject Nonresidential Real Property Leases; and (IV) Granting Related Relief Pursuant to 11 U.S.C. 105 and 305 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the "Emergency Motion"). [3] The Court has jurisdiction.[4]

Upon sufficient notice, an evidentiary hearing on the Emergency Motion was held on May 7, 2020. Appearances were as follows: Sharon L. Stolte on behalf of the Debtors; Christopher T. Borniger on behalf of the U.S. Trustee; Colin N. Gotham on behalf of Creditor, Crossroads East LLC; and Andrew J. Nazar and Brendan L. McPherson on behalf of Country Club Plaza JV LLC and MREM BOT Property LLC.

---

[3] Doc. 197.

[4] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). The matters addressed in the Motion are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2). There is no objection to venue or jurisdiction over the parties.

After hearing the testimony of Debtors' managing member, founder, and CEO; examining the exhibits; reviewing the pleadings; and considering the arguments of counsel, the Court has determined that granting the Motion is in the best interest of the Debtors, their creditors, and all parties-in-interest. These bankruptcy cases were filed on November 9, 2019. Before the coronavirus pandemic struck, Debtors demonstrated potential for a successful reorganization. But on March 17, 2020, Debtors' businesses, like all other dine-in, upscale restaurants and event venues, were ordered to cease operations because of the coronavirus pandemic. A reopen date cannot yet be determined. Debtors move for relief from deadlines and obligations which, if strictly enforced, would terminate any possibility of reorganization. Only the lessors, not other creditors or the United States Trustee, object. The lessors suggest no alternative to the relief sought in the Motion, and the Court finds that the unprecedented circumstances require temporary relief to preserve Debtors' opportunity to benefit from the reorganization afforded by Chapter 11.

The Motion is very similar to an emergency motion filed in *In re Pier I Imports, Inc.*[5] When Pier I filed its petition on February 17, 2020, confirmation of a plan within 60 days was expected, but that became impossible when

---

[5] *In re Pier I Imports, Inc.*, case no. 20-30805 (Bankr. E.D. Va. 2020).

debtors were forced to close their stores because of the pandemic. Debtors filed for emergency relief. The bankruptcy court entered orders granting the motion, including authorizing Debtors' engaging in limited operations, temporarily suspending all but critical payments set forth in an Interim Budget, deferring payment of rents on store properties, and adjourning all hearings on motions for relief from stay or seeking to compel rejection or assumption of unexpired leases and executory contracts.[6] The court's opinion in support of its supplemental order deferring rent payments, states in part:

> There is no reasonable alternative to the relief sought in the Motion. The Debtors cannot operate as a going concern and produce the revenue necessary to pay rent because they have been ordered to close their business. . . .
> The lessors are not the only creditors in this case, although they are the only creditors objecting to the Motion. . . .
> The unfortunate reality of the situation is that the Debtors have scarce resources currently available to them. The Motion, the Original Order, and the Supplemental Order present a short-term allocation of those scarce resources to meet immediate needs and preserve the value of the Debtors' estates for all creditor constituencies.[7]

---

[6] *Id.*, doc. 629, First Supplemental Order (May 5, 2020) (copy attached to Debtors's Motion as doc. 216-6); *see Modell's Sporting Goods, Inc.*, case no. 20-14179(VFP), Doc. 166 (Bankr. D. N.J. March 27, 2020); *CraftWorks Parent, LLC*, case. No. 20-10475(Bankr. D. Del. 2020).

[7] *Id.*, Memorandum Opinion, filed May 10, 2020.

The court concluded that rent deferral was not barred by the requirement of 11 U.S.C. §365(d)(3) that current rent be paid and that 11 U.S.C. § 105 granted the bankruptcy court broad equitable power to grant the extraordinary relief sought in the motion.

The situation presented by Debtors' Motion presents the same concerns as were before the *Pier I* court, and this Court agrees with its analysis. The *Pier I* reasoning regarding authority to defer rents is adopted by this Court. Further, the Court finds that these unprecedented circumstances require flexible application of the Bankruptcy Code and exercise of the Court's equitable powers under 11 U.S.C. §105 to grant further relief, including extension of the time to assume or reject the Debtors' nonresidential leases, not withstanding the absence of written consent of the lessors under 11 U.S.C. § 365(d)(4)(B)(ii). "Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with the policies or directives set by the other applicable substantive provisions of the Bankruptcy Code."[8]

The Court therefore grants the Motion to the extent ordered below:

---

[8] *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 ( Bankr. S.D.N.Y. 2017).

1.      Debtors shall continue to pay only critical expenses, including, employee benefits, wages for critical employees, insurance, trust fund taxes, and other operating expenses and necessary professional fees essential for the Debtors to pursue a value-maximizing outcome to these Chapter 11 cases, subject to the budget attached hereto (included in the record as Exhibit 1 proposed order granting the Motion[9]) (as may be amended, modified, or supplemented, the "Interim Budget"); provided the Interim Budget is herein modified to include payment of the United States Trustees fees.

2.      Debtors shall temporarily cease making or delay all other payments not contemplated by the Interim Budget, including rent payments to landlords who have not voluntarily consented to a rent deferral and certain payments to vendors, shippers and suppliers. The obligations for such payments are deferred, not forgiven. The Debtors failure to make any payments under unexpired leases not contemplated by the Interim Budget shall not constitute a rejection of such leases, and the rights of all parties related to any payments or obligations accruing or due but unpaid by Debtors are reserved.

3.      The date to assume or reject nonresidential real property leases shall be and it is hereby extended to and including July 20, 2020.

---

[9] Doc. 197-1, p. 5.

4.      The Emergency Motion to Use Cash Collateral [Doc. 5], currently set for May 8, 2020 at 10:45 a.m. CDT shall be and it is hereby adjourned to July 17, 2020 at 1:30 p.m. CDT;  and, except to the extent superceded by the Interim Budget, the Third Interim Order entered by this Court on February 6, 2020 granting the Emergency Motion to Use Cash Collateral [Doc. 121] shall remain in full force and effect and shall not expire until further order of the Court.

5.  Any motions, applications, or demands for payment on account of unpaid invoices or otherwise, shall be automatically adjourned to July 17, 2020 at 1:30 p.m. CDT, unless such payment is to be provided pursuant to the Interim Budget.

6.      A status hearing shall be held on June 12, 2020 at 1:30 p.m. CDT to (a) provide all parties in interest an update on the sale process and business reopening time line, (b) resolve any material disputes related to this Order, and (c) hear Debtors' projections as to whether  the relief granted by this Order should remain in place or be modified in response to changing circumstances.  With respect to exigent and unforeseen circumstances, all Parties shall be permitted to seek relief from this Court not inconsistent with this Order.

7. This Order is without prejudice to Debtors' seeking to extend it, provided a motion to extend the relief afforded by this Order must be filed no later than July 10, 2020, to be heard on July 17, 2020, at 1:30 p.m. CDT.

8. A hearing shall be held on July 17, 2020 at 1:30 p.m. CDT to address the matters set on such date or continued to such date by this Order and such other matters as may be properly noticed for such hearing.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

**IT IS SO ORDERED.**

###

EXHIBIT 1

| | BBC | CH | GD | SH | UT | Total |
|---|---|---|---|---|---|---|
| Health Insurance Humana | 2751.33 | 0 | 529.10 | 1,134.40 | 0 | 4414.83 |
| Health Insurance Sun Life | 182.32 | 152.79 | 365.15 | 207.34 | 8.08 | 915.68 |
| Property Insurance | 2,199.00 | 2,099.00 | 2,638.53 | 2,057.19 | 932.31 | 9,926.03 |
| Workers Comp | 1,721.00 | - | - | - | - | 1,721.00 |
| Vehicle Insurance | 440.00 | 440.00 | - | - | - | 880.00 |
| Payroll (Exe & Marketing | 13000 | 0 | 0 | 0 | 0 | 13000 |
| Storage Facility | 1460 | 0 | 0 | 0 | 0 | 1460 |
| Utilities | 2,000.00 | 1,500.00 | 4,000.00 | 4,400.00 | 2,500.00 | 14,400.00 |
| Phone Internet | 349.94 | 248.40 | 508.51 | 512.90 | 343.34 | 1,963.09 |
| Marketing | 250 | 0 | 150 | 150 | 100 | 650 |
| Legal | 2500 | 2500 | 5000 | 5000 | 2500 | 17500 |
| Misc | 7000 | | | | | 7000 |
| Total | 33853.59 | 6940.19 | 12,662.19 | 13,461.83 | 6383.73 | 73830.63 |